UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23719-BLOOM/Louis

MERCHANT ONE, INC.,

    Plaintiff,

v.

TLO, INC., *doing business as* PAYMENTCLOUD,
SHAWN SILVER, JOHN DOES 1-10, and
ABC CORPORATIONS 1-10,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTION TO STRIKE AND MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant TLO, Inc. ("PaymentCloud") ("Defendant") Motion to Strike Allegations within Plaintiff's Amended Complaint, ECF No. [34] ("Motion to Strike"), and Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint, ECF No. [35] ("Motion to Dismiss"), (together, the "Motions"). Plaintiff Merchant One, Inc. ("Merchant One" or "Plaintiff") filed a Response to the Motion to Strike, ECF No. [40], and a Response to the Motion to Dismiss, ECF No. [41], to which Defendant filed Replies, ECF Nos. [44], [45]. The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Strike is granted in part, and the Motion to Dismiss is denied.

### I. BACKGROUND

Merchant One commenced this case by filing its Complaint, ECF No. [1], asserting claims against Defendant and Shawn Silver ("Silver"). Defendants filed a motion to dismiss the Complaint, ECF No. [14], which the Court granted on the basis that the Complaint was a shotgun

pleading and noting several substantive deficiencies in Plaintiff's claims as pleaded. *See* ECF No. [29]. On January 30, 2020, Plaintiff file its Amended Complaint, ECF No. [30]. The underlying facts remain essentially unchanged.

According to the Amended Complaint, Merchant One is engaged in the business of providing credit card processing sales and services to merchants across the United States. PaymentCloud is also engaged in the business of providing credit card processing sales and services. Silver is the owner and chief executive officer of PaymentCloud and maintains the daily corporate control of PaymentCloud. Silver was also the owner of National Bank Services, LLC ("NBS"), an entity he sold prior to forming PaymentCloud.[1] Merchant One alleges that it and PaymentCloud are independent sales organizations that have contracts with payment processors and vendors to provide sales and servicing to merchant accounts.

On November 23, 2013, Merchant One entered a non-exclusive merchant referral agreement with NBS, ECF No. [30-1] ("Agreement"), pursuant to which Merchant One referred various merchant-clients to NBS. Merchant One's compensation for the accounts referred to NBS was monthly residual income calculated as a percentage of monthly revenue to NBS from the referred merchant accounts. The Agreement provides the applicable terms for calculation and payment of Merchant One's compensation.

In 2015, Silver sold NBS, and as part of the sale, the purchaser iPayment, Inc. continued to be responsible for Merchant One's portion of the residual compensation on accounts previously referred to NBS. In addition, Merchant One continued an ongoing referral relationship with Silver based upon Silver's representation that Merchant One should continue to refer new merchants to Silver and not iPayment, as Silver would pay a larger commission percentage. Merchant One and

---

[1] Plaintiff asserts that Silver is not named as a Defendant in the Amended Complaint, but that PaymentCloud may be the alter ego of Silver. *See* ECF No. [30] ¶ 5.

Silver did not enter into a new written contract after the NBS sale, but they orally agreed to abide by the same terms contained in the Agreement with an agreed adjustment to commission percentages. The new commission percentages were reflected in monthly written residual reports provided to Merchant One.

In or around June, 2015, Silver notified Merchant One that new merchant accounts should be referred to an entity named Greenpay Merchant Services, which Merchant One did. In February, 2016, Silver informed Merchant One that all new merchant accounts should be referred to PaymentCloud, which Merchant One did. Merchant One and PaymentCloud continued to operate under the agreement that Merchant One reached with Silver following the NBS sale.

PaymentCloud provided monthly residual reporting, identifying each referred merchant account, the agreed-to profit percentage and other payment information, some of which Merchant One contends was false and misleading. Merchant One further alleges that throughout 2016, 2017, and 2018, PaymentCloud was intentionally misreporting residuals, doctoring reports, and improperly deducting expenses, resulting in routine underpayments to Merchant One.

As a result of PaymentCloud's alleged actions, Merchant One asserts five claims against Defendants for breach of contract (Count 1), breach of implied covenant of good faith and fair dealing (Count 2), unjust enrichment (Count 3), promissory estoppel (Count 4), and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. 501.201, *et seq.* (Count 5). In the Motion to Strike, Defendant requests that the Court strike certain allegations in the Amended Complaint pertaining to Silver and non-party Zurrix, LLC. In the Motion to Dismiss, Defendant seeks dismissal of Count 3 for unjust enrichment and Count 4 for promissory estoppel pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

### A. Motions to strike

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *See, e.g., Sakolsky v. Rubin Mem'l Chapel, LLC*, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. February 15, 2013) (calling Rule 12(f) a "draconian sanction").

### B. Motions to dismiss

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a

4

complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is

central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

#### A. Motion to Strike (ECF No. [34])

In the Motion to Strike, Defendant requests first that the Court strike the allegations in the Amended Complaint against Silver as immaterial, impertinent, or scandalous because they are based on prior dealings between Merchant One and Silver that are not relevant to the current action. Defendant argues that because Silver is no longer a named defendant, the allegations regarding Silver are immaterial, impertinent, and in part prejudicial to Defendant because they will require discovery into immaterial matters and that Defendant defend alleged claims against Silver. In response, Plaintiff acknowledges that while its claims against Silver individually have been dismissed, the allegations concerning Silver's interactions and representations to Merchant One are central to the contractual dispute between Merchant One and PaymentCloud.

Upon review, the Court determines that the allegations against Silver should not be stricken. Even though Silver is no longer a named defendant, the Amended Complaint alleges that he is the owner and chief executive officer of PaymentCloud and maintains the daily corporate control of PaymentCloud. "The rule is well established that a corporation is an artificial entity that can act only through agents . . . ." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted). Moreover, the Amended Complaint also alleges that it was through dealings with Silver that Merchant One established the terms of the agreement between it and Defendant. Accordingly, Defendant fails to show that the allegations concerning Silver are immaterial, impertinent, scandalous, or prejudicial, and the Court will not strike them.

Next, Defendant requests that the Court strike the allegations contained within the breach of contract claim (Count 1) regarding non-party Zurrix, LLC ("Zurrix") as immaterial, impertinent, scandalous, and/or prejudicial. In response, Plaintiff contends that the allegations concerning Zurrix are relevant because Plaintiff's discovery of Defendant's fraud on Zurrix is the reason Merchant One audited Defendant's reporting. The Court agrees. In pertinent part, Plaintiff alleges in the Amended Complaint that it discovered in October, 2018 that PaymentCloud prepared fraudulent reports to cover up inappropriate debits from the Zurixx bank account, and that only after Merchant One discovered the fraud and reported it, the improper debits were refunded. *See* ECF No. [30] ¶ 27. In addition, Merchant One alleges that after the Zurixx incident, Merchant One audited PaymentCloud's reporting and payments to Merchant One, which ultimately uncovered breaches of the Agreement. *Id.* ¶¶ 28-29. As a result, the allegations against Zurixx are relevant in that they explain what led Merchant One to discovery PaymentCloud's alleged misconduct with respect to its relationship with Merchant One. Accordingly, Defendant fails to demonstrate that these allegations should be stricken.

Defendant argues next that Plaintiff's demand for damages are improperly pleaded or unavailable and should be stricken from the Amended Complaint. Specifically, Defendant contends that Merchant One demands recovery of consequential, incidental, and special damages, but has not pleaded such damages pursuant to Rule 9(g) of the Federal Rules of Civil Procedure. In addition, Defendant argues that damages recoverable under FDUTPA are limited to actual damages, and that as such, Plaintiff is not entitled to recover any other damages for alleged violations of FDUTPA. In response, Plaintiff argues that Defendant's arguments are premature.

In each count of the Amended Complaint, Plaintiff requests "actual damages, compensatory damages, consequential and incidental damages (including lost economic

opportunities), [and] special damages . . . ." Rule 9(g) of Federal Rules of Civil Procedure states that "if an item of special damage is claimed, it must be specifically stated." However, Rule 9(g) requires no more than a specific statement that allows a defendant to prepare a responsive pleading and begin its defense. *Brennan v. City of Minneola, Fla.*, 723 F. Supp. 1442, 1444 (M.D. Fla. 1989). Here, the Court will not strike Plaintiff's demand for damages across the board.

Nevertheless, the Court does find that Defendant's argument with respect to the damages available under FDUTPA has merit. FDUTPA's purpose is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (citing *Chicken Unlimited, Inc. v. Bockover*, 374 So. 2d 96, 97 (Fla. 2d DCA 1979)); *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008).

FDUTPA permits recovery for "actual damages." *Rollins*, 951 So. 2d at 869. Generally, the standard measurement for actual damages "is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Id.* (quoting *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984) (describing this measurement as being "well-defined in the case law"). "Actual damages" does not include special or consequential damages. *Id.*; *Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1357 (S.D. Fla. 1999) *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical*, 235 F.3d 1344 (11th Cir. 2000); *Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819, 824-25 (Fla. 4th DCA 2010);

*Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d DCA 2010).[2] Nor do actual damages under FDUTPA include incidental damages. *See Orkin Exterminating Co. v. Petsch*, 872 So. 2d 259, 263 (Fla. 2d DCA 2004) (noting that although party "sought special, consequential, and incidental damages . . ., those damages are not available under FDUTPA."). As a result, Plaintiff is precluded from recovering those types of damages under FDUTPA and the request is stricken from Count 5.

Finally, Defendant argues that based on the alleged existence of an oral agreement, Plaintiff is not entitled to attorney's fees for its claim of breach of contract and that the request for attorney's fees in Count 1 of the Amended Complaint should be stricken. In response, Plaintiff contends that the analysis of fee-shifting depends upon facts surrounding the parties' contractual relationship and therefore is more properly considered upon summary judgment. The Court agrees with Plaintiff.

"It is well settled that the intent to provide for counsel fees as damages for breach of contract must be unmistakably clear in the language of the contract." *Hency Transp., Inc. v. Ponce*, No. 08-23093-CIV, 2010 WL 556020, at *2 (S.D. Fla. Feb. 11, 2010) (quotations and citations omitted). In the Amended Complaint, Plaintiff alleges that Merchant One and Silver agreed to abide by the terms of the original agreement between Merchant One and NBS, and that Merchant One and PaymentCloud operated under the same terms. The Agreement provides for attorney's fees. *See* ECF No. [30-1] at 4 ¶ 5I. Thus, the extent to which, if any, the parties' alleged oral agreement incorporated the terms of the Agreement is a crucial issue of fact to be determined. Accordingly, the Court will not strike Plaintiff's request for attorney's fees in Count 1 at this time.

---

[2] "'Consequential' or 'special' damages are those 'which do not necessarily result from the injury complained of or which the law does not imply as the result of that injury.'" *Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819, 828 n.5 (Fla. 4th DCA 2010) (quoting 17 Fla. Jur. 2d Damages § 140).

### B. Motion to Dismiss (ECF No. [35])

In the Motion to Dismiss, Defendant argues that the claims for unjust enrichment and promissory estoppel should be dismissed because the Amended Complaint again reincorporates its prior allegations that allege the existence of an agreement between Merchant One and PaymentCloud, and thus, neither claim can lie. In response, Plaintiff contends that the claims are nevertheless properly pleaded in the alternative to the breach of contract claim because, notwithstanding the reincorporation of allegations of an agreement, Defendant contests the existence of an express contract with Plaintiff. Upon review, the Court agrees with Plaintiff.

While it is true in general that where a complaint alleges an express agreement and reincorporates those allegations into a claim for unjust enrichment, the claim for unjust enrichment has not been properly pleaded in the alternative, *American Marine Tech*, *Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019). Here, however, Defendant has filed an Answer and Affirmative Defenses that denies the existence of an express agreement. ECF No. [33]. Indeed, in its Answer, Defendant unequivocally denies the allegations in the Amended Complaint pertaining to the alleged agreement between Plaintiff and Silver, and Plaintiff and Defendant. *See* ECF No. [30] ¶¶ 16, 21 and ECF No. [33] ¶¶ 16, 21. Under Florida law, "[i]t is only upon a showing that an express contract exists that the unjust enrichment or promissory estoppel count fails. Until an express contract is proven, a motion to dismiss a claim for promissory estoppel or unjust enrichment on these grounds is premature." *Mobil Oil Corp. v. Dade Cty. Esoil Mgmt. Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997). As a result, the Court will not permit Defendant to take advantage of a technical pleading deficiency, where Defendant denies the existence of the alleged oral contract.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion to Strike, **ECF No. [34]**, is **GRANTED IN PART**, and the request for special, consequential, and incidental damages is **STRICKEN** from Count 5 of the Amended Complaint. In addition, the Motion to Dismiss, **ECF No. [35]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 31, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record